# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| | )     CASE NO.     1:10 CR 413 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | )     JUDGE DONALD C. NUGENT |
| | ) |
| v. | ) |
| | ) |
| DWAYNE FREEMAN, | )     <u>MEMORANDUM OPINION</u> |
| | )          <u>AND ORDER</u> |
| Defendant. | ) |

This matter comes before the Court upon Defendant, Dwayne Freeman's Motion for Relief Under 28 U.S.C. § 2255.  (ECF # 78).   Mr. Freeman, through his counsel, claims that he is entitled to a new sentencing hearing because he was sentenced under the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), which has since been declared to be unconstitutional vague by the United States Supreme Court in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).

Mr. Freeman pled guilty to Counts Two (Theft of Firearms from a Federal Firearms Licensee) and Three (Felon in Possession of Firearms) of the Indictment in this case.  The plea agreement ("Agreement")  indicated that the maximum statutory imprisonment for each count was ten years. (ECF # 52, at 2).   The Agreement also stated that Defendant understood that "if he is found to be an Armed Career Criminal as defined by 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4, that he is subject to an enhanced mandatory penalty of 15 years to life in prison and up to 5 years of supervised release."  (ECF #52, at 2).  The pre-sentence report recommended that Mr.

Freeman be considered an Armed Career Criminal under the relevant statutory and guideline provisions.  However, at the time of his actual sentencing, Mr. Freeman's counsel argued, the prosecutor and probation officer acknowledged, and the sentencing Judge accepted that Mr. Freeman was not, in fact, an Armed Career Criminal as defined under these provisions.  (ECF # 84, at 8-13, 18-22)

Mr. Freeman's sentence was based on a total offense level of 30, and a criminal history category of VI.  He received the statutory maximum sentence of 120 months on Count Two, and a consecutive sentence of 48 months on Count Three, bringing his total sentence to 168 months, which corresponds to the lowest guideline level based on his offense level and criminal history category.  Mr. Freeman was not determined to be an Armed Career Criminal, and he received no enhancement under 18 U.S.C. § 924(e)(2)(B)(ii).  Therefore, the holding in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) does not apply to Mr. Freeman's case, and has no effect on the validity of his sentence.  Mr. Freeman was properly sentenced under the guidelines and there is no basis for vacating or re-visiting his sentence.


 /s/ Donald C. Nugent_____
DONALD C. NUGENT
United States District Judge


DATED: March 15, 2016